UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRILL DANIYAROV,<br><br>                              Petitioner,<br><br>                    v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>                              Respondents. | Case No. 5:26-cv-01642-SSC<br><br><br>MEMORANDUM AND ORDER |

On April 3, 2026, Petitioner Kirill Daniyarov filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen who is in immigration detention at the Adelanto ICE Detention Facility.  (*Id.* at 2.)

The petition alleges the following facts.  Petitioner was placed in removal proceedings on December 2022 and was charged with inadmissibility for having entered the United States without inspection.  8 U.S.C. § 1182(a)(6)(A)(i).  (ECF 1 at 6.)  He was released from immigration custody on an Order of Recognizance, but was subsequently detained by immigration authorities.  (*Id.*)  He is in pending removal proceedings and is currently in immigration detention.  (*Id.*)  Petitioner seeks release or, in the alternative, a bond

redetermination hearing before an Immigration Judge within seven days.  (*Id.* at 2, 7.)

Respondents maintain that Petitioner is subject to the judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  (ECF 9 at 2.)  So both parties effectively agree that Petitioner is entitled to an "individualized custody determination" under 8 U.S.C. § 1226(a).  In that posture, there is no need for the Court to decide anew or revisit whether Petitioner is entitled to a bond hearing on grounds or terms other than those stated and provided in *Maldonado Bautista* cases.  *See*, *e.g.*, *Aguilar v. Janecka*, No. 5:26-cv-00602-SSS-BFM, 2026 WL 579157, at \*1 (C.D. Cal. Mar 2., 2026) (granting petition and ordering § 1226(a) bond hearing where "Respondents concede[d] that Petitioner is . . . entitled to a bond hearing under the reasoning of *Maldonado Bautista*").

Moreover, consistent with the form of relief that other detainees have been receiving under *Maldonado Bautista* when enforcing the judgment of that case through individual habeas petitions, the government should bear the burden at a discretionary detention hearing before an immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public.  *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS-MAA, 2026 WL 905513, at \*1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS-BFM, 2026 WL 579160, at \*1 n.1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS-BFM, 2026 WL 576010, at \*1 n.1 (C.D. Cal. Mar. 2, 2026).  There is no cause—and Respondents offer none—to give Petitioner a lesser or different form of relief than that being given to other detainees that Respondents have similarly conceded are subject to the *Maldonado Bautista* judgment.

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **April 27, 2026**, he is provided with an individualized bond hearing under 8 U.S.C. § 1226(a) at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings.

DATED: April 20, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

3